Michael Lee-Kathrein
7601 North Eastlake
Chicago, IL 60626
(773) 465-7500
(773) 465-7755 fax





# In The
# United States District Court
# For The Northern District of Illinois

MICHAEL LEE-KATHREIN,     )

       )

       Plaintiff        )

       )

v.        )

       )

BRIGID M. McGRATH,        )

MICHAEL P. MONAR,        )

DANIEL V. KINSELLA,        )

JEFFREY R. ROSENBERG,        )

SCHUYLER, ROCHE & ZWIRNER, P.C.,        )

       )

       Defendants.        )

       )

Civil Action No. _____ **324**

**COMPLAINT**

**JURY TRIAL DEMAND**

## STATEMENT OF THE CASE

Plaintiff Michael Lee Kathrein is being deprived of the equal protection of the laws, due process of law, his property, and meaningful access to the courts via a conspiracy engaged in by the defendants.

## JURISDICTION

1.      Jurisdiction of this Court is invoked pursuant to:

     28 U.S.C. § 1331, the general federal question statute, as it applies to Federal Rule of Criminal Procedure 6(a);

     28 U.S.C. §§ 2201 and 2202, the federal declaratory and injunctive relief statutes.

     42 U.S.C. §§ 1983 and 1985;

     28 U.S.C. § 1343; and

28 U.S.C. § 1367(a), the pendent jurisdiction statute.

## PARTIES

2.     Plaintiff Michael Lee Kathrein is a private citizen with an address of 7601 North Eastlake, Chicago, Illinois 60626-1421.

3.     Defendant Brigid M. McGrath is an Illinois state judge.  Her business address is Circuit Court - Room 1907, Daley Plaza, 55 West Randolph Street, Chicago, Illinois 60602.

4.     Defendant Michael Paul Monar is a private citizen with an address of 422 Greenleaf Street, Evanston, Illinois 60202.

5.     Defendant Daniel V. Kinsella is an attorney representing Michael P. Monar.  His business address is One Prudential Plaza, Suite 3800, 130 East Randolph Street, Chicago, Illinois 60601.

6.     Defendant Jeffrey R. Rosenberg is an attorney representing Michael P. Monar. His business address is One Prudential Plaza, Suite 3800, 130 East Randolph Street, Chicago, Illinois 60601.

7.     Defendant Schuyler, Roche & Zwirner, P.C., is a law firm that employs Daniel V. Kinsella and Jeffrey R. Rosenberg.  Its address is One Prudential Plaza, Suite 3800, 130 East Randolph Street, Chicago, Illinois 60601.

## FACTS

8.     Plaintiff, Michael Lee-Kathrein, (hereinafter, referred to as "Lee") alleges violations of, but not limited to, due process and equal protection, as a result of the actions of the defendant, Judge Brigid M. McGrath (hereinafter, referred to as "McGrath") in her presiding over ongoing litigation in a state court.

9.     McGrath is adjudicating a case against Lee in the Law Division of the Circuit

Court of Cook County, Illinois, Docket Number 03 CH 18899, wherein she has allowed the complaint against Lee in that matter to stand, without meeting the requisite factual pleading standard required in Illinois. *I.e.*, McGrath is actively engaged in a conspiracy with defendants Michael P. Monar (hereinafter, referred to as "Monar"), Daniel V. Kinsella, (hereinafter, referred to as "Kinsella") Jeffrey R. Rosenberg (hereinafter, referred to as "Rosenberg"), and the law firm of Schuyler, Roche & Zwirner, P.C., to "milk" the case for the sole purpose of allowing the defendants to cost Lee time and money, and the deprivation of Lee's constitutional rights to equal protection, due process, and meaningful access to the courts.

10.     McGrath knows that case 03 CH 18899 has been brought by Monar as a harassment of Lee, and as a continuation, extension and expansion of a divorce case (99 D 9464) between Lee and Lee's former spouse now known as Paula Monar, who is presently married to Monar.

11.     McGrath also knows, by testimony, exhibits and evidence presented, that case 03 CH 18899 is further brought by Monar to offset his preexisting, negative financial condition, arising from his defaults on monetary and contractual obligations, business decline, and continuing professional failures.

12.     McGrath has admitted on the record that she may not be capable of understanding the technical facts involved in this case.  This claim and others can be substantiated by court documents.

13.     McGrath has admitted on the record that her clerk was delegated the duty and work of reviewing and deciding legal issues.

14.     McGrath has allowed Kinsella, Rosenberg, and Schuyler, Roche & Zwirner, the attorneys for Monar, to violate the professional code of conduct for attorneys in the state of

Illinois.

15.     McGrath has allowed motion practice to continue in an effort to allow Kinsella, Rosenberg, and Schuyler, Roche & Zwirner to take fees.

16.     When Lee moved for "findings of fact and conclusions of law" to try to understand McGrath's August 9, 2004 ruling, the court set a briefing schedule, and ultimately denied the motion out of hand, in the face of appellate court case law presented by Lee in his memorandum in support.

17.     McGrath allowed Kinsella, Rosenberg, and Schuyler, Roche & Zwirner to take fees to prepare opposing briefs.

18.     McGrath stated on the record that she put in considerable time, and therefore consumed substantial judicial resources, reviewing the "findings and conclusions" motion by Lee in case 03 CH 18899.

19.     Rather than settle any controversy and simply show Lee where Monar had demonstrated any facts to support any claims, which was the basis of her August 9, 2004 ruling, McGrath refused to do so.

20.     Instead, McGrath engaged in the intellectual dishonesty of mischaracterizing the "findings and conclusions" motion to be a "motion to reconsider," and thereupon denied it on those grounds.

21.     Lee's motion for findings and conclusions was clearly delineated and pleaded as such and asked for reconsideration only in the alternative, and very specifically distinguished that alternative as such.

22.     Further, in the hearing of October 5, 2004, McGrath allowed Rosenberg to violate the Illinois Rules of Professional Conduct for attorneys, by permitting Rosenberg to testify for

4

Monar, as well as represent him, with no exception being given to Lee, and over his objection.

23. Finally, in the hearing of October 5, 2004, McGrath allowed an opening statement from Rosenberg containing disparagements that ran on, uninterrupted, for 16 pages of the transcript.

24. When Lee began to respond after Rosenberg's diatribe, McGrath stopped Lee, told him she was gong to strike much of Rosenberg's statements and for Lee not to be concerned, and then permitted Lee only a truncated response thereto.

25. The transcript reveals that McGrath did not strike any of Rosenberg's statement in any fashion or particulars, and no such order or specific instructions of what is to be stricken has appeared. McGrath simply has not taken the objective action she informed plaintiff Lee she would take.

26. At the opening of the proceedings on October 5, 2004 McGrath indicated that she had taken considerable time and judicial recourses to review the Lee's motion for findings of facts and conclusions of law.

27. McGrath stated, "I reviewed everything on that. ... Let me assure you, especially on the record, I did not ignore any of your arguments."

28. McGrath denied Lee's motion for findings of fact and conclusions of law, stating, "I take it as another motion for reconsideration."

29. McGrath indicated to Lee that she was construing his well-pleaded motion for "findings and conclusions" instead to be one for "reconsideration" and denied the motion by a tortured application of section 5/2--619 of the Code of Civil Procedure (735 ILCS 5/2--619).

30. McGrath engaged in the intellectual dishonesty of attempting to have Lee believe findings of fact and conclusions of law only apply when one gets to summary judgment.

5

31.     However, McGrath did not indicate how a "motion for reconsideration" is considered under section 5/2--619.

32.     McGrath did not indicate how a "motion for reconsideration" is related to a "summary judgment."

33.     McGrath indicated that findings of fact and conclusions of law are only available through section 2--619, apparently through the summary judgment procedure.

34.     As noted above, Lee's "Motion for Findings of Fact and Conclusions of Law" was specifically denominated and pleaded as such.

35.     Lee's motion for reconsideration was clearly and specifically *pleaded in the alternative*.

36.     Therefore, the court, that is, McGrath, construed Lee's motion as being something other than what it was, namely, one for reconsideration, which she then improperly disposed of via the misapplication of section 5/2--619, without explanation of how section 5/2--619 could apply to reconsideration.

37.     McGrath deliberately evaded Lee's motion for findings and conclusions by first establishing a pretense (or condition) that it only applies under section 5/2--619 and summary judgment, then compounding that false pretense to mischaracterize Lee's motion as being one for reconsideration, then finally, denying it upon those false pretenses and mischaracterizations.

38.     The record shows that McGrath expended considerable time and resources reviewing all arguments.

39.     McGrath was also aware of Lee's arguments that showed that his adversary in that case had not supplied a single requisite fact for his actionable claims, and therefore did not meet the fact pleading standard for the State of Illinois.

6

40.     McGrath would have been aware that the appellate courts in Illinois exhort trial judges to put the basis for their findings, conclusions, orders, and judgments on the record, so they may be clearly and easily reviewable upon appeal.

41.     McGrath is also aware that some appellate courts have reversed trial court decisions in the face of the trial court's failure to provide a basis for its orders and/or decisions.

42.     Given the alleged time and resources McGrath indicates she expended, and knowing that the appellate courts strongly urge and support such a basis for the record, it appears highly questionable to Lee that McGrath would or could refuse to offer to show at least one fact by Monar in support of his claims, much less offer even some brief explanation in the record for how she reached her conclusion.

43.     Even if McGrath's explanation or reasoning had been faulty, its very offering would have satisfied her duty to respond to Lee's motion for finding of facts and conclusions of law.

44.     Lee filed the motion for findings and conclusions specifically because he was not provided any statement or written order by which to understand the court's ruling on his Motion to Dismiss, and upon what reasoning that ruling was based.

45.     McGrath deliberately obfuscated this issue by mischaracterizing Lee's motion into something it plainly was not, to create a false basis for, and appearance of, a proper disposal of that motion.

46.     At this writing Monar has not stated a single fact to support any of his actionable claims against Lee in the Illinois court. McGrath has conspired with Monar and his attorneys, Kinsella and Rosenberg, to continue to "milk" a case that should have been disposed of months ago.

7

47.    McGrath has refused to explain herself in the face of a direct request by Lee to do so, notwithstanding the encouragement and support by the appellate courts for such explanations.

48.    McGrath also allowed Monar's attorney, Rosenberg, to appear both as counsel and as witness, the latter being both by affidavit as well as by direct testimony.

49.    The Illinois Rules of Professional Conduct for Attorneys, specifically Rule 3.7(a) prohibit an attorney from being a witness and an advocate in the same case for a client, with limited exception.

50.    McGrath denied Lee's objection to same, "given the issues that he's [Rosenberg] going to be a witness on", however McGrath had allowed only Rosenberg to define the issues upon which he would testify, thus presupposing the purpose and scope of Lee's examination.

51.    McGrath then told Lee, "Sir, this happens a lot."

52.    McGrath supplied a strained comparison of divorce cases to this one, which do not apply.

53.    Lee informed McGrath that domestic relations court has considerably more latitude.

54.    McGrath responded by saying, "and this has some of those," a comment that plainly failed to enlighten Lee as to her reasoning.

55.    McGrath then told Lee, "I don't think you're going to be prejudiced by putting him up on the stand or taking testimony from him regarding the contents of the telephone conversation".

56.    Finally, in the October 5, 2004 hearing, McGrath allowed an outrageous opening statement by Monar's attorney, Rosenberg.

57.    McGrath did not allow Lee to engage in a rebuttal of same.

8

58.    McGrath indicated instead that she would strike Rosenberg's improper statements, but did not identify them.

59.    Twice McGrath indicated to Lee that she would strike irrelevant material.

60.    However, McGrath did not do so in said hearing, and no order or specific arrangement to strike anything has occurred.

## **LEGAL CLAIMS**

### DUE PROCESS

61.    Plaintiff Michael Lee Kathrein is being robbed of his time and resources by the actions of the defendants.

> KANNE, Circuit Judge. Time is money.
>
> *Godfrey v. United States*, 997 F.2d 335 (7th Cir. 1993).

62.    That money is property is hardly subject to debate.

> Time is money, and the value of the labor involved in replacing the stolen documents is part of the cost of replacing them. Moreover, time a person spends doing one thing is time that person cannot spend doing something else; therefore, opportunity costs must also be factored into the cost of replacing the documents.
>
> *United States v. Berkowitz*, 927 F.2d 1376 (7th Cir. 1991).

63.    In this case, the time plaintiff Michael Lee Kathrein cannot spend doing something else, which is attending to his business.

> The court, in *Jordan v. Massachusetts*, 225 U.S. 167, 176, 32 S.Ct. 651, 652, 56 L. Ed. 1038 said: "Due process implies a tribunal both impartial and mentally competent to afford a hearing. . . ."
>
> *Inland Steel Co. v. National Labor Relations Board*, 109 F.2d 9 (7th Cir. 1940).

64.     Defendant Judge Brigid M. McGrath has admitted, in open court, that plaintiff Michael Lee Kathrein's case is too complicated for her.

65.     Plaintiff is well aware that defendant Brigid M. McGrath is immune from monetary damages for her judicial actions, no matter how malicious or corrupt.

66.     Her co-conspirators, defendants Michael P. Monar, Daniel V. Kinsella, Jeffrey R. Rosenberg, and Schuyler, Roche & Zwirner, are not immune. See *Dennis v. Sparks*, 101 S.Ct. 183 (1980).

> . . . see also *Leahy v. Board of Trustees of Community College Dist. No. 508*, 912 F.2d 917, 921 (7th Cir. 1990). We have held that to establish joint action, a plaintiff must demonstrate that the public and private actors shared a common, unconstitutional goal. *See Cunningham v. Southlake Ctr. for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991). In other words, a plaintiff must establish that a conspiracy, or an understanding, to violate the plaintiff's constitutional rights existed between the public and private actors. *See Moore*, 754 F.2d at 1352.
>
> *Stagman v. Ryan*, 176 F.3d 986 (7th Cir. 1999).

67.     Defendant Judge Brigid M. McGrath is *not* immune from criminal prosecution.

> Title 18 U. S. C. § 242, the criminal analog of § 1983, also contains a color-of-state-law requirement and we have interpreted the color-of-state-law requirement in these sections coextensively. *Adickes v. S. H. Kress & Co., supra*, at 152, n. 7. A state judge can be found criminally liable under § 242 although that judge may be immune from damages under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 429 (1976); *O'Shea v. Littleton*, 414 U.S. 488, 503 (1974). In either case, the judge has acted under color of state law.
>
> *Dennis v. Sparks, supra*, note 5.

68.     This Court has the authority to order a grand jury investigation of Illinois state judge defendant Brigid M. McGrath and her co-conspirators, pursuant to Federal Rule of Criminal Procedure 6(a).

69.     Federal Rule of Criminal Procedure 6(a) confers on the district court the authority to convene a grand jury to investigate crimes and indict where it found probable cause. See, *e. g.*, *United States v. Wallace & Tiernan, Inc.*, 349 F.2d 222, 226 (D.C.Cir.1975). The investigatory powers of such a grand jury would be broad, since the federal system allows grand juries wide compass in their inquiries. See, *e. g.*, *United States v. Calandra*, 414 U.S. 338, 343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974).

## RELIEF REQUESTED

1.     Trial by jury on all issues triable by jury.

2.     Compensatory and punitive damages, to be determined by a jury.

3.     A judicial declaration that the actions of the defendants have violated the constitutional rights of the plaintiff.

4.     Plaintiffs cost of this suit.

5.     That this Court convene a grand jury, pursuant to Federal Rule of Criminal Procedure 6(a), to investigate the depredations of the defendants.

6.     Discovery.

7.     Leave to amend once discovery is complete.

8.     Such other relief as this Court deems just, proper, and equitable.

Date: November 11, 2004

Respectfully submitted,

Michael Lee Kathrein
7601 North Eastlake Terrace
Chicago, IL 60626
(773) 465-7500
(773) 465-7755 fax

11

## **VERIFICATION**

Sworn to under penalties of perjury. 28 U.S.C. § 1746.

_____
Michael Lee-Kathrein

STATE OF ILLINOIS      )
                                ) ss.
COUNTY OF COOK    )

On November 11, 2004, before me, the undersigned, a Notary Public in and for said County and State, personally appeared Michael Lee Kathrein, known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same.

Witness my hand and official seal.

_____
Notary Public

OFFICIAL SEAL
VICTORIA ZAYTSEVA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 04-28-07

#2

NOV 1 5 2004

FILED-ED4

2004 NOV 12 PM 12: 23

CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

**Plaintiff:** Michael Lee-Kathrein

**Defendants:** Brigid M. McGrath,
Michael Paul Monar,
Jeffrey R. Rosenberg,
Daniel V. Kinsella,
Schuyler, Roche & Zwirner, P.C.

JUDGE COAR

County of Residence: Cook

County of Residence: Cook

Plaintiff's Atty: Michael Lee Kathrein
7601 North Eastlake
Chicago, IL 60626
(773) 761-6000

Defendant's Atty:

04C 7324

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties

Plaintiff: **1. Citizen of this State**
Defendants: **1. Citizens of this State**

MAGISTRATE JUDGE KEYS

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **440  Other Civil Rights**

VI. Cause of Action: **28 U.S.C. § 1331, as it applies to FRPC 6(a);
28 U.S.C. § 1343;
28 U.S.C. § 1367(a), the pendant jurisdiction statute;
28 U.S.C §§ 2201 and 2202; and
42 U.S.C. §§ 1983 and 1985.**

**Plaintiff Michael Lee Kathrein is being deprived of the equal
protection of the laws, due process of law, his property, and
meaningful access to the courts via a conspiracy engaged in by
the defendants.**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand:
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** _____  **Date:** November 12, 2004

1-2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

*JUDGE COAR*

*FILED-EOA*

**DOCKETED** 04 NOV 12 PM 12: 23

NOV 1 5 2004

*CLERK U.S. DISTRICT COURT*

In the Matter of

MICHAEL LEE-KATHREIN

V.

BRIGID MARY MC GRATH, MICHAEL P. MONAR
EFF ROSENBERG, DAN KINSELLA, Schuyler, Roche & Zwirner, P.C.

Case Number:

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MICHAEL LEE KATHREIN

**04 C 7324**

*MAGISTRATE JUDGE KEYS*

| (A) | (B) |
|---|---|
| SIGNATURE *Michael G Kathrein* | SIGNATURE |
| NAME *Michael Lee Kathrein* | NAME |
| FIRM | FIRM |
| STREET ADDRESS *7601 North Eastlake Terrace* | STREET ADDRESS |
| CITY/STATE/ZIP *Chicago IL 60626* | CITY/STATE/ZIP |
| TELEPHONE NUMBER *773-761-6000* FAX NUMBER *773-465-7755* | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS *federalcase @ gmail.com* | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☒ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☒ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

1-3