IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL LEE-KATHREIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  04 C 7324 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| BRIGID M. McGRATH, MICHAEL P. ) | |
| MONAR, DANIEL V. KINSELLA, ) | |
| JEFFREY R. ROSENBERG, SCHUYLER, ) | |
| ROCHE & ZWIRNER, P.C., PADDY H. ) | |
| McNAMARA ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     Background Facts**

Plaintiff Michael Lee-Kathrein ("Lee-Kathrein" or "Plaintiff") filed a complaint on November 12, 2004, against Defendants Judge Brigid M. McGrath ("McGrath"), Michael Monar ("Monar"), Daniel V. Kinsella ("Kinsella"), Jeffrey R. Rosenberg ("Rosenberg"), and Schuyler, Roche & Zwirner, P.C. ("SRZ") (collectively "Defendants"). Plaintiff alleged that he was being deprived of equal protection, due process, property, and meaningful access to the courts via a conspiracy engaged between the defendants. On January 10, 2005, Plaintiff filed a First Amended Complaint, adding Judge Paddy H. McNamara as an additional named defendant. First Am. Compl. The complaint arises from alleged violations of Plaintiff's civil rights in relation to an ongoing lawsuit in the Law Division of the Circuit Court of Cook County, Illinois (case number 03 CH 18899), over which Judge McGrath is presiding. Defendant Monar is the plaintiff in the state court case and defendants Kinsella and Rosenberg, along with their law firm,

defendant SRZ, represent him. Plaintiff alleges that the defendants have conspired to "milk" the litigation when its sole purpose is to deprive him of his time and money and violate his rights to due process, equal protection, and meaningful access to the courts. Plaintiff contends that Judge McGrath "knows that case 03 CH 18899 has been brought by Monar as a harassment of Lee, and as a continuation and an extension of a divorce case" involving Lee-Kathrein and his former wife, who is presently married to Monar. In addition, Plaintiff contends that Judge McGrath displayed bias against him and violated his civil rights during a Rule to Show Cause hearing in Case Number 03 CH 18899. He further alleges that Judge McNamara, "through rulings in her court that have no basis in law or fact," is retaliating against Plaintiff because he has brought the instant lawsuit against Judge McGrath.[1]

This matter comes before the court on defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.     Legal Standard

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Transit Exp. Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Kontos v. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for

---

[1] The pleadings do not specify what role Judge McNamara plays in the state court proceedings nor when she became involved. It appears, although again it is not specified, that there are or have been multiple state court proceedings between Plaintiff and defendant Monar, among others, in the Illinois state courts.

dismissal under Rule 12(b)(1), the nonmoving party must provide competent proof of jurisdictional facts to support its allegations. *Thomason v. Gaskill*, 315 U.S. 442, 446 (1942); *Kontos*, 826 F.2d at 576.

On a motion to dismiss for failure to state a claim, the Court again accepts all well-pleaded allegations in the plaintiff's Complaint as true. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**III. Analysis**

Defendants Monar, Kinsella, Rosenberg, and SRZ contend that this court is precluded from exercising subject matter jurisdiction over the instant litigation because of the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). They contend that the *Rooker-Feldman* doctrine and its Seventh Circuit progeny, *Schmitt v. Schmitt*, 324 F.3d 484 (7th Cir. 2003), and *Wright v. Tackett*, 39 F.3d 155 (7th Cir. 1994), completely preclude this court from exercising jurisdiction over any of the claims raised in Plaintiff's First Amended Complaint.

The United States Supreme Court recently addressed the boundaries and applicability of the *Rooker-Feldman* doctrine in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, __ U.S. __, 125 S. Ct. 1517, 161 L. Ed.2d 454 (2005). The Court held that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 1521-22. The Court clearly delineated the limited circumstances in which its appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising otherwise authorized subject matter jurisdiction. *See, e.g.,* 28 U.S.C. §§ 1330-32. In the case at bar, the state court proceeding has not yet achieved final judgment. Under the reasoning set forth in *Exxon Mobil*, therefore, the *Rooker-Feldman* doctrine does not apply.

This case is a federal lawsuit related to events in ongoing state litigation. In *Exxon Mobil*, the Supreme Court noted that it had "repeatedly held that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Exxon Mobil*, 125 S. Ct. at 1526-27 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). The federal court must determine, however, if it does have jurisdiction. Such a determination requires careful consideration of comity and abstention doctrines requiring the federal court to stay or dismiss the federal action in favor of the state-court litigation. *See, e.g., Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).

Defendants ask this court to refrain from acting pursuant to *Younger* abstention, but it is not clear that *Younger* is applicable in this situation. Plaintiff has not asked the federal court to enjoin the state court proceedings but rather has brought a separate, albeit closely related, action in federal court. To the extent that Plaintiff is implicitly asking this court to enjoin the state court proceedings, *Younger* abstention almost certainly would apply. Plaintiff states that the pending

state court litigation is "a continuation and an extension of a divorce case." First Am. Compl., at ¶ 11. Plaintiff's former wife is currently married to defendant Monar. *Id.* Thus, the state court proceeding implicates family law, an area of traditional state regulation, and federal court abstention would be proper. *See Mansell v. Mansell*, 490 U.S. 581 (1989).

The public policy underlying *Younger*, however, is germane to this situation. Both the interests of comity and our system of federalism support the "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Under the doctrine of comity, a court with proper jurisdiction over a cause of action should nonetheless defer to a court of "another sovereignty with concurrent powers, and already cognizant of the litigation," until that court has ruled upon the matter. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). "Cooperation and comity, not competition and conflict, are essential to the federal design." *Ruhrgas, A.G. v. Marathon Oil Co.*, 526 U.S. 574, 576 (1999).

Plaintiff's complaint asks this court to convene a grand jury for the purpose of investigating alleged criminal acts in the state court proceeding. Plaintiff is correct that a federal district court can convene a grand jury; he misconstrues the procedure for doing so. The prosecutor, in this case the United States Attorney, is the party who requests a grand jury for alleged violations of federal law. *See, e.g.,* Douglas P. Currier, Note, *The Exercise of Supervisory Powers to Dismiss a Grand Jury Indictment–A Basis for Curbing Prosecutorial Misconduct*, 45 OHIO STATE L.J. 1077, 1079 (1984). The Justice Department is charged with enforcing federal criminal law. *See, e.g., United States v. Armstrong*, 517 U.S. 456, 464 (1996). An individual "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Plaintiff has not demonstrated that he will not have an adequate opportunity to raise his constitutional challenges at the state court. *See Ohio Civil Rights Comm'n v. Dayton Christian School*, 477 U.S. 619 (1986); *Moore v. Sims*, 442 U.S. 415, 425 (1979). All of the allegations in Plaintiff's complaint stem from the pending state court proceeding in which he is a party. Plaintiff must dispute those proceedings in accordance with the proper procedures in state court, including state appellate review.

This court hereby dismisses Plaintiff's complaint in its entirety pursuant to the doctrine of comity and because Plaintiff has failed to show that he cannot raise his claims and appeals in the state court system.

## Conclusion

For the foregoing reasons, Defendants Motions to Dismiss are GRANTED. All other pending motions are moot and hereby terminated. This case is CLOSED.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **June 9, 2005**