**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL LEE-KATHREIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 7324 |
| v. | ) | |
| | ) | |
| BRIGID M. McGRATH; MICHAEL P. MONAR; JEFFREY R. ROSENBERG; DANIEL V. KINSELLA, SCHUYLER, ROCHE & ZWIRNER, P.C.; and PADDY H. McNAMARA, | ) ) ) ) ) ) ) | HONORABLE DAVID H. COAR |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Michael Monar ("Monar") brings a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure and attorneys' fees and costs under 42 U.S.C. § 1988. Monar contends that Plaintiff Michael Lee Kathrein ("Kathrein") sought to use this Court for improper purposes, including to avoid judges who had ruled against him in the Circuit Court of Cook County in a related case pending there, and to increase Monar's attorneys' fees. These allegations, if true, would support the imposition of sanctions under Rule 11(b)(1).

Rule 11 of the Federal Rules of Civil Procedure authorizes sanctions for improper litigation practices. Rule 11(b)(1) forbids parties from presenting motions "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."Rule 11(b)(2) requires parties' claims to be "warranted by existing law or by nonfrivolous arguments for extension, modification, or reversal of existing law." Rule 11(b)(3)

-1-

requires the allegations to have evidentiary support or be likely to have evidentiary support after discovery. Fed. R. Civ. P. 11(b)(1)-(3). Rule 11 sanctions are a severe penalty and one not to be imposed lightly. *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Financial Servs., Inc.*, 9 F.3d 1263 (7th Cir. 1993).

The background facts to this litigation and some of the related litigation have been set forth in detail both by this Court and by the Seventh Circuit. *Kathrein v. McGrath*, No. 05-2833, unpub. order, at 2-3 (7th Cir. Feb. 3, 2006); *Kathrein v. McGrath*, No. 04-7324, Mem. Op. at 1-2 (N.D. Ill. Jun. 9, 2005). In sum, Kathrein brought a federal complaint against the state court judges who had ruled against him in the underlying litigation, the lawyers representing the plaintiff in the underlying litigation, their law firm, and the plaintiff in the underlying litigation alleging a conspiracy to deprive him of his constitutional rights.[1] He sought to have the district court convene a grand jury investigation of the defendants and requested jury trial, compensatory and punitive damages, declaratory judgment that the defendants had violated his constitutional rights, costs, discovery, and leave to amend his complaint after discovery. This Court dismissed Kathrein's complaint for lack of jurisdiction under the doctrine of comity and noted that an individual has no cognizable interest in the prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Defendant Monar, by his attorney Camille B. Conway of Schuyler, Roche, and Zwirner, P.C., served Plaintiff with letter notice on December 8, 2004, setting out the reasons why Kathrein's complaint is frivolous. In addition, the letter informed Kathrein that if he did not

---

[1] The legal disputes between Kathrein and Michael Monar arise from or are related to a highly contentious and long-running divorce and child custody dispute.

withdraw his complaint within twenty-one days, Monar would move for sanctions against him under Rule 11. Kathrein did not withdraw the complaint and Monar accordingly filed a motion for sanctions on January 4, 2005. Plaintiff then filed a First Amended Complaint, adding Judge Paddy McNamara as a defendant. This Court denied Monar's motion for sanctions without prejudice in light of the First Amended Complaint. On January 13, 2005, Monar's counsel again sent Kathrein letter notice that his complaint was frivolous and that, if not withdrawn within twenty-one days, Monar intended to seek Rule 11 sanctions. Again, Kathrein did not withdraw his complaint. This Court dismissed Plaintiff's complaint for lack of jurisdiction on June 9, 2005. Kathrein filed a notice of appeal on June 21, 2005. Monar filed a renewed motion for sanctions on June 25, 2005, to which Kathrein responded on June 29. Monar filed a motion for attorneys' fees and costs on December 19, 2005. Kathrein filed a motion to strike Monar's motion for attorneys' fees on February 1, 2006. This Court held a motion hearing on February 7, 2006, at which it informed the parties that it was construing Defendant's motion for attorneys' fees and costs as a motion to supplement the renewed motion for sanctions, and granting that motion.

In his complaint, Kathrein has alleged that the defendants in this case are involved in a "conspiracy" with each other to "milk" the state court case in which Kathrein is the defendant, for the "sole purpose of costing [Kathrein] time and money" and violating his constitutional rights. Kathrein accuses the defendants of engaging in "intellectual dishonesty," violating the Illinois Rules of Professional Conduct for attorneys, conspiring to "milk" the case and drive up the cost of litigation for Kathrein and deliberately violating his constitutional rights.

Under 42 U.S.C. § 1988(b), the court has the discretion to award "reasonable attorney's fee[s]" to the prevailing party in a proceeding under Sections 1983 or 1985, if the suit was

frivolous, baseless, or unreasonable. *Tarkowski v. Lake County*, 775 F.2d 173, 176 (7th Cir. 1985). "A suit is frivolous if it has no basis, whether in fact or in law." *Id.* (citing *McFadden v. Lucas*, 713 F.2d 143, 145 (5th Cir. 1983); Fed. R. Civ. P. 11). A suit that is brought to "harass and oppress-a suit that the plaintiff brought not in the hope of winning but solely in order to put the defendant to the burden of defending himself" is even more clearly frivolous. *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)). This is one of the grounds on which defendant Monar seeks attorneys' fees and sanctions in this case. The history of the litigation between these parties suggests that this is just another chapter in an ongoing saga. Further, defendant provides an affidavit from his attorney, Jeffrey R. Rosenberg-who is himself a defendant in this lawsuit-to the effect that Kathrein stated during a telephone conversation that his purpose was to run up Monar's legal fees. Kathrein has not denied this allegation.

Instead, Kathrein incorrectly asserts in his motion to strike that this Court had been stripped of jurisdiction over this matter by Kathrein's appeal of the dismissal of his complaint. This argument is based on a misapprehension of the judge-made rule that a lower court does not exercise jurisdiction over a judgment during the pendency of a higher court's review. But a Rule 11 sanctions motion is not a judgment on the merits of an action; rather it "requires the determination of a collateral issue: whether the [pro se plaintiff] has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Kathrein also makes an inchoate reference to the collateral estoppel doctrine as a bar to imposing sanctions against him, but as he provided no argument applying the doctrine to this

case, this Court cannot determine how he thought collateral estoppel had any relevance to these proceedings at all.

Kathrein's actions fulfill the requirements of Rule 11 and justify the imposition of sanctions and the award of fees to defendant. Plaintiff admitted that his purpose in the litigation was to increase Monar's costs and expenses. Plaintiff continuously asks Judge McNamara to recuse herself from the related state court litigation on the ground that he has named her as a defendant in this suit. Previously, the first judge assigned to Kathrein's state court case recused herself after learning that Kathrein had named her as a defendant in this suit. For these reasons, this Court finds that imposition of sanctions is proper to deter Plaintiff from abusing the federal courts or seeking to use the judicial process for harassing ends.

Defendant seeks $62,774.84 in attorneys' fees and costs, and has submitted documentation in support of his demand. Plaintiff argues that a portion of the fees and costs represent expenses incurred during the Seventh Circuit appeal, and which are not recoverable in this Court. In addition, Kathrein argues that the bills from SRZ reflect work done on this case but also on the related cases between Kathrein and Monar. After reviewing the evidence, this Court finds that Kathrein's argument regarding the fees and expenses has some merit. Fees will not be awarded for expenses related to proceedings before the Seventh Circuit. However, the amount of sanctions to be imposed is within the discretion of the judge. Ultimately the test for the amount of sanctions is reasonableness. *Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1994). In order to achieve the deterrent effect of Rule 11 sanctions, this Court will impose a monetary penalty on Plaintiff for his frivolous and baseless complaint. It will not, however, award the full amount requested by Monar. After examination of the billing statements submitted

in support of Monar's motion, this Court determined that the statements included a small amount of work done on matters not directly related to this case. Accordingly, this Court disregarded the statements dated September 27, 2005, and November 18, 2005 entirely, and reduced the attorneys' fees of the August 8, 2005 statement by one-third. Thus, this Court imposes sanctions of $56,858.15, which consists of $54,595.64 in attorneys' fees and $2,262.51 in costs and expenses.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike is denied. Defendant's motion for sanctions is granted in part and denied in part. This Court hereby imposes sanctions of $56,858.15 on Plaintiff Kathrein.

Enter:

/s/David H. Coar
_____
David H. Coar
United States District Judge

Dated: **March 31, 2006**